LEIGHTY *v.* WALKER ET AL.

[No. 19,540. Filed October 15, 1963. Rehearing denied December 2, 1963. Transfer denied May 14, 1964.]

White & White, Luke White, Vincent F. Grogg, Rex V. Keller, all of Covington, and Fansler, Fauvre, Dongus & Barnard, of Indianapolis, for appellant.

Wallace & Wallace, James B. Wallace, William A. Loy, Ward S. Williams, Robert O. Williams, all of Covington, Fraser & Isham, William S. Isham and James A. Gardner, all of Fowler, for appellees.

RYAN, J.—The parties to this appeal have presented the main issue to us within narrow, well defined limits. As presented, the parties agree that the question involves whether or not one Amanda C. Livengood, having made a joint will with her husband, could thereafter convey certain real estate by deed. This question in turn is to be determined by the following language contained in the joint will:

> . . . full right to such survivor to sell all, or any part thereof to raise funds with which to pay debts, or to enjoy life as he or she shall deem proper and right."

The appellant contending to sustain his position that such language would give Amanda the "power" to transfer the property by deed for a consideration other than money, while the appellees in turn contend that such language must be construed so as to restrict Amanda from conveying the property for any other consideration except a monetary sum.

The parties having submitted this appeal to us on this restricted issue, we shall in turn limit ourselves to a determination of the question as presented.

The basic background shows that Amanda inherited some real estate in Fountain County from her parents. Upon her marriage to Albert C. Livengood, this real estate was by proper conveyance put in the names of both Albert and Amanda as tenants by the entireties. Albert and Amanda then entered into a joint will containing the above quoted provision, and which also contained, after the usual clauses concerning funeral expenses and just debts, a residuary clause with the appellees as the named legatees. This was done, since Albert and Amanda had no children, because as stated in the will:

" . . . and these people have treated us as though they were our children for the past many years, and our only request to them, and each of them, is that they continue to treat us as such, and that they take care of the survivor of us through our remaining years, and that they pay from our said estate all our just debts, and if such has not been done during our life time, to place a suitable marker at our graves."

However, after the death of Albert, Amanda by warranty deed conveyed the real estate in question to the appellant Carl E. Leighty and his wife, since deceased, the deed containing the provision that:

"This conveyance is made by the grantor for the purpose of providing for her a comfortable home and such care, nursing and medical care and personal attention as she may need for the rest of her life, and to insure that she shall be able to enjoy the rest of her life as she deems proper. And in consideration of this conveyance, the grantees herein hereby agree and bind themselves to move into the dwelling house on said above described premises now occupied by the said grantor and to maintain a home for said grantor during her lifetime and to nurse her in sickness and to provide her with all the comforts of life, including food, lodging, care and nursing and to provide all medical care and physicians which said grantor may from time to time need and to provide her hospitalization if the attending physician shall so recommend, and such care and nursing shall include kindness and consideration at all times and upon the death of said grantor, said grantees agree to give her a burial suitable to her station in life and comparable to the burial of grantor's husband, and to procure the proper inscription to be made upon the family monument at her grave."

The particular clause which the parties now call upon us to construe must be looked upon in its entirety without construing separately each and every specific word in it. We note that the clause contains alternative provisions, that is, that Amanda or Albert, depending upon who is the survivor, could first of all sell the property to raise funds to pay debts or could sell it to enjoy life as the survivor should deem proper and right. It seems logical that Amanda and Albert, by this clause, looked forward to the day when one of them would be alone in the world. Being practical, they foresaw the possibility that one or the other might of necessity be required to dispose of their property to meet the exigencies of life as they were thrust upon them.

In our modern day use the word "sell" usually denotes the disposing of property for a valuable consideration, and we do not feel at liberty to abstract such word from the surrounding language and place upon it the strict interpretation of having it mean that the property could be disposed of for money only. Whether or not Amanda in fact received valuable consideration we do not determine, but under the conclusion reached the judgment is reversed and a new trial is ordered.

Carson, P. J., and Clements and Cooper, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 138.